# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

Before
J.R. MCFARLANE, M.C. HOLIFIELD, T.P. BELSKY
Appellate Military Judges

UNITED STATES OF AMERICA

v.

BRANDON R. CULP
BOATSWAIN'S MATE SECOND CLASS (E-5), U.S. NAVY

NMCCA 201400258
GENERAL COURT-MARTIAL

**Sentence Adjudged:** 24 March 2014.
**Military Judge:** Col M. Richardson, USMC.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** LCDR D.E. Reike, JAGC, USN.
**For Appellant:** CDR Ricardo A. Berry, JAGC, USN.
**For Appellee:** CDR James E. Carsten, JAGC, USN; Ian D. Maclean, JAGC, USN.

19 February 2015

---
OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIUM

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of two specifications of violating a general regulation, and one specification of attempted sex trafficking of a minor, in violation of Articles 92 and 134, Uniform of Military Justice, 10 U.S.C. §§ 892 and 934. The adjudged sentence included twelve

years' confinement, reduction to pay grade E-1, total forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to the terms of a pretrial agreement, suspended all confinement in excess of fifty-four months, suspended the adjudged forfeitures, and waived automatic forfeitures for six months provided the appellant established an allotment for his dependent daughter.

On appeal, the appellant alleges that his sentence is excessively severe.[1] After careful examination of the record of trial and the pleadings of the parties, we are satisfied that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Factual Background

The following facts are taken from the appellant's providence inquiry and from the stipulation of fact entered into evidence as Prosecution Exhibit 1. At various times between January 2009 and August 2011, in San Diego, California, and Silverdale, Washington, the appellant used government computers to solicit prostitutes and to acquire and view adult pornography. The appellant's conduct included using shipboard computers while attached to USS DUBUQUE (LPD 8), and violated Department of Defense Directive 5500.7-R (30 Aug 1993), which specifically prohibits using government computers for solicitation and viewing pornography.

Additionally, while stationed on board USS DUBUQUE (LPD 8), the appellant made efforts to acquire a child prostitute with whom he intended to engage in sexual activity. On several occasions, the appellant communicated through email with an undercover special agent from the Naval Criminal Investigative Service, who the appellant believed was an individual located in Mexico that trafficked in child prostitutes. Through these e-mail communications, the appellant negotiated the cost of acquiring a minor, and discussed times and locations to meet with the minor for the purposes of engaging in sexual activity.

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992).

## Sentence Severity

In his sole assignment of error, the appellant alleges that his sentence is inappropriately severe.  We disagree.

Under Article 66(c), UCMJ, this court independently reviews sentences within its purview and only approves that part of a sentence which it finds should be approved.  *United States v. Baier*, 60 M.J. 382, 383-84 (C.A.A.F. 2005).  "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves."  *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).  This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'"  *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Noting accurately that the child sex trafficking specification had the most bearing on the severity of his sentence, the appellant argues that the civilian federal statute under which he was convicted "criminalizes a broad spectrum of conduct."  *See United States v. Jungers*, 702 F.3d 1066, 1070 (8th Cir. 2013) (internal quotation marks and citation omitted).  The appellant avers that in comparison to other conduct falling under this statute his behavior was on the less egregious end of the spectrum.  *See* Appellant's Brief of 2 Sep 2014 at 6.  However, the plain language of the statute calls for a mandatory minimum sentence of ten years' incarceration, and a maximum sentence of life in prison.  18 U.S.C. § 1591(b)(2).  In light of this fact, the appellant's approved sentence of twelve years' confinement was on the more lenient end of the spectrum.  This fact is made even more obvious when one considers the egregious, prolonged, and flagrant nature of the appellant's overall conduct.  In light of the appellant's actions, we are firmly convinced that his sentence is appropriate for his offenses.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3